# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 231 | **DATE** | 4/1/2002 |
| **CASE TITLE** | Kevin Johnson vs. Village of Riverdale, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Riverdale Defendants' Rule 12(b)(6) motion has failed in its entirety, and is therefore denied. They are ordered to answer Johnson's Complaint on or before April 12, 2002. (6-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 2 - 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/1/2002 | |
| | | courtroom | date mailed notice | |
| SN | | deputy's initials | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 2 - 2002

KEVIN JOHNSON, )
)
      Plaintiff, )
)
v. ) No. 02 C 231
)
VILLAGE OF RIVERDALE, et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Kevin Johnson ("Johnson") has filed a 42 U.S.C. §1983 ("Section 1983") action, including related state law claims, against Village of Riverdale and two of its police officers (collectively "Riverdale Defendants") and a Cook County Assistant State's Attorney. Riverdale Defendants have joined in a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Johnson's Complaint--Count I (the Section 1983 claim) on statute of limitations grounds and the other four counts as consequently lacking a federal question anchor. With that motion now having been fully briefed, this opinion addresses only the viability of the Section 1983 claim.

What follows in the Facts section is a précis of Johnson's Complaint, which must of course be taken as true for Rule 12(b)(6) purposes. That being done, the ensuing discussion explains why Johnson prevails and Riverdale Defendants do not.

### Facts

On February 10, 1998 Johnson's mother, a Riverdale resident,

was stabbed to death in her bedroom. When Johnson (then age 23) returned that evening and discovered her dead body, he immediately reported the murder by placing a 911 phone call.

Riverdale police responded, took Johnson and his younger brother into custody and proceeded to interrogate Johnson all that night and the following morning. As the result of threats and other unconstitutional interrogation tactics, Johnson--even though innocent--confessed falsely to the murder.

Johnson was then denied bond and spent well over a year in jail awaiting trial. Meanwhile defendants intentionally failed to pursue evidence that would have established Johnson's innocence and would have implicated his mother's boyfriend (the real killer).

When Johnson went on trial in January 2000, all three individual defendants (the police officers and the Assistant State's Attorney) testified falsely about his "confession" and "actively withheld the exculpatory fact that said confession had been unlawfully coerced" (Complaint ¶15). Despite the bogus "confession," Johnson was acquitted of all charges on January 11, 2001. This action was brought a year later, on January 9, 2002.

### Coerced Confession

It is well established that Illinois-based Section 1983 actions are subject to a two-year statute of limitations. Both parties agree, then, that Johnson's claim predicated on unconstitutional conduct in 1998 was time-barred by January 2002

2

unless Johnson can look to Heck v. Humphrey, 512 U.S. 477 (1994) as postponing the accrual of that claim until Johnson's acquittal. Here is the explanation of Heck set out in Washington v. Summerville, 127 F.3d 552, 555 (7th Cir. 1997)--a case that, according to Riverdale Defendants' mistaken perception, supports their limitations argument:

> In Heck, the Court held that a plaintiff seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harms caused by unlawful actions that would render a conviction or sentence invalid, has no §1983 cause of action until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Heck, 512 U.S. at 486-88, 114 S.Ct. at 2372-73. That is, if a judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence," the plaintiff's §1983 cause of action does not arise, and the statute of limitations on the action does not begin to run, until or unless the plaintiff's conviction or sentence has been held invalid. Id. at 487, 114 S.Ct. at 2372-73. Conversely, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," his §1983 cause of action arises, and the statute of limitations on the action begins to run, when the plaintiff knows or should have known that his constitutional rights have been violated. Id.

Before this opinion turns to the measurement of Johnson's coerced confession claim against that yardstick, one threshold question--also answered by Washington--should be addressed. On this subject the parties agree (Riverdale Defendants Mem. 3 and Johnson Mem. 4): Heck applies with equal force to "claims, which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge" (Washington,

3

id. (emphasis in original), then citing and quoting with approval Smith v. Holtz, 87 F.3d 108, 112-13 (3d Cir. 1996)). That is the situation posed here--when it came to Johnson's actual trial, as stated earlier, he was acquitted.

Now to the ultimate merits. In this instance, according to Johnson (who, as already explained, must be credited for present purposes), there was no evidence other than the coerced confession that could arguably connect Johnson to his mother's murder. And that being the case, a judgment for Johnson in an attempted Section 1983 action that his "confession" was a nullity "would necessarily imply the invalidity of [any] conviction." That critical element of Johnson's case effectively distinguishes it from Washington and from Gonzalez v. Entress, 133 F.3d 551 (7th Cir. 1998)(the other case sought to be invoked by Riverdale Defendants), for in neither of those cases could it be said that the establishment of the plaintiff's Section 1983 claim would necessarily have tainted the conviction.

That alone is enough to defer the accrual of the claim that is now under consideration to the date in 2001 when Johnson was in fact exonerated. And that deferral plainly spells defeat for Riverdale Defendants' limitations argument. But an added point (though not necessary to the present decision) is worth making in terms of what has become the much-mooted footnote 7 to the Heck opinion (512 U.S. at 487 n.7). As the Court said there in part, dealing with an allegation of an unreasonable (and hence

4

unconstitutional) search:

> In order to recover compensatory damages, however, the §1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, see Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 (1986), which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

Just so here: In the absence of an actual determination that there was no cause that could legitimately (or even arguably) support any charges against Johnson, his detention pending trial could not have "caused him actual, compensable injury"--after all, an ultimate acquittal on any one of a number of possible grounds would not necessarily render that pretrial detention unconstitutional. But where as here the detention was the fruit of a poisoned tree (to borrow a familiar metaphor from another area of federal jurisprudence), compensatory damages from that detention are recoverable--and that determination was the direct product of Johnson's trial and acquittal.

### Later Constitutional Violations

Riverdale Defendants also contend (this time correctly) that Johnson cannot ground his Section 1983 action on the officers' or Assistant State's Attorney's false testimony at his trial (on that score, see Briscoe v. LaHue, 460 U.S. 325 (1983) and its progeny). But the aspect of Johnson's Section 1983 claim that looks to conduct by the Riverdale officers (and the Assistant State's Attorney) that is concededly within the two-year pre-lawsuit time period goes well beyond testimony alone: Johnson asserts the

5

continued withholding of exculpatory evidence by those defendants that not only caused his continued detention but also forced him to trial.

On that score the opinions in Newsome v. McCabe, 256 F.3d 747, 752-53 (7th Cir. 2001) and 260 F.3d 824, 825 (7th Cir. 2001)(per curiam) expressly confirm "that a claim along these lines states a genuine constitutional tort" (256 F.3d at 752). And Newsome did not announce new law--it relied expressly on Jones v. Chicago, 856 F.2d 985 (7th Cir. 1988). Indeed, Gonzales, 133 F.3d at 555 itself (citing Jones) expressly recognizes that "the use of a coerced confession could be a violation separate from the coercion, and efforts by the police to conceal vital facts from the prosecutor and court in order to frame an innocent person could be still another violation." So that facet of Johnson's claim also readily survives Riverdale Defendants' attack.

## Conclusion

Riverdale Defendants' Rule 12(b)(6) motion has failed in its entirety, and it is therefore denied. They are ordered to answer Johnson's Complaint on or before April 12, 2002.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 1, 2002

6